IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD CHAVIS** | : | **CIVIL ACTION** |
| | : | |
| v. | : | No. 10-6951 |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al** | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                                                       **June 21, 2012**

Petitioner Ronald Chavis, a state prisoner who has filed innumerable actions in this district court and appeals in Third Circuit Court of Appeals, filed a petition for writ of habeas corpus challenging his detention while awaiting trial in the Philadelphia Municipal Court. In essence, he makes a speedy trial argument, contending that he has been held in custody without a trial since his arrest on July 28, 2006, on charges of burglary, criminal trespass, possession of an instrument of crime, attempted theft by unlawful taking and criminal mischief. The state court case, filed under MC-51-CR-073811110-2006, was dismissed on February 23, 2012. Therefore, the criminal case which is the subject of the habeas petition is now moot, which Chavis concedes in his response to the respondent's motion to dismiss his petition.

Despite the dismissal of the charges arising out of the 2006 case, petitioner seeks to reassert issues that he had raised in an unrelated 2003 criminal case. That case, CP51-CR-0411171-2003, resulted in a judgment of conviction and sentence arising out of an arrest on March 20, 2003. Chavis challenged that state conviction in a federal habeas petition filed under 28 U.S.C. § 2254. *See Chavis v. DeSuta, et al*, Civil Action No. 04-

5057. On July 1, 2005, his habeas petition was denied and dismissed without prejudice. The Third Circuit Court of Appeals denied his request for a certificate of appealability on October 14, 2005.

His petition was denied because his claims were unexhausted. Petitioner then filed a direct appeal in the Pennsylvania courts. His appeal was dismissed for his failure to file a brief. He did not seek review from the United States Supreme Court nor did he file any motion seeking collateral review under Pennsylvania's Post-Conviction Relief Act, 42 Pa. C. S. §§ 9541 *et seq*. Chavis did nothing after his appeal was dismissed.

Now, he attempts to reassert his claims related to the 2003 criminal case in his present habeas petition related to the 2006 case which is moot. The one-year jurisdictional filing deadline imposed by the PCRA expired years ago. There is no further review available in the state court. Therefore, any claims Chavis wishes to raise concerning the 2003 case have not been fairly presented to the state court. Therefore, his claims are procedurally defaulted.

Chavis can not use his habeas petition challenging the 2006 case to boot strap his 2003 case claims. A petitioner can not file a single habeas petition raising issues in two separate unrelated cases. Nor can he use a habeas petition in a later unrelated case to circumvent the AEDPA time limitation in order to resurrect his procedurally defaulted claims in his earlier case.

Because his unexhausted procedurally defaulted claims arising out of the 2003 case can not be reconsidered in the habeas petition filed with respect to the 2006 case and the claims related to the 2006 case are moot, the petition for writ of habeas corpus in the latter case will be dismissed.